

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-052-CV

MICHAEL IRVIN                                              APPELLANT

V.

SHAWN VANDERGRIFT                                         APPELLEE

------------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Michael Irvin appeals from the trial court's February 6, 2008 order providing for sanctions against Irvin's attorney, Larry Friedman. On February 21, 2008, we notified the parties that we were concerned that this court lacks jurisdiction over this appeal because the order for sanctions did not appear to be a final judgment or an appealable, interlocutory order. We indicated that this case could be dismissed for want of jurisdiction if the parties did not show grounds for continuing the appeal by March 3, 2008.

---

[1] See TEX. R. APP. P. 47.4.

By letter dated February 26, 2008, Irvin's attorney, Carter Boisvert,[2] informed us that he filed a notice of appeal because he intended to appeal the sanctions order once a final judgment was rendered and later decided to request mandamus relief as well. Further, he agrees that this court cannot proceed with an appeal of the February 6, 2008 order until a final judgment is rendered.

Accordingly, because the order dated February 6, 2008, is neither a final judgment nor an appealable interlocutory order,[3] we dismiss this appeal for want of jurisdiction.[4]

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED: March 20, 2008

---

[2] Attorneys Friedman and Boisvert practice in the same law firm.

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (Vernon Supp. 2007) (listing interlocutory orders); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule that an appeal may be taken only from a final judgment); *Byrd v. Byrd*, No. 02-07-00404-CV, 2008 WL 204511, at *1 (Tex. App.—Fort Worth Jan. 24, 2008, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because sanctions order is neither a final judgment nor an appealable interlocutory order).

[4] *See* TEX. R. APP. P. 42.3(a), 43.2(f).

2